UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

IYANNA CLARKE,

        Plaintiff,

  -against-

NEW YORK CITY HOUSING AUTHORITY and
JULIUS COLES, *Individually,*

        Defendants.

------------------------------------------------------------------------X

Case No.: 1:26-cv-1747

<u>COMPLAINT</u>

PLAINTIFF DEMANDS A
TRIAL BY JURY

Plaintiff, by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of Defendants, upon information and belief as follows:

**Nature of the Case**

1. This case involves a young woman who was subjected to relentless sexual harassment from her supervisor, Defendant JULIUS COLES. Defendant NEW YORK CITY HOUSING AUTHORITY (NYCHA) was aware of the sexual harassment that occurred and allowed it to continue. Plaintiff was ultimately unlawfully terminated from her position.

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-502(a), *et seq.* Plaintiff seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her sex/gender (female); subjected to sexual harassment and a hostile work environment; and retaliated against for complaining of said harassment, resulting in her unlawful termination.

1

**Jurisdiction and Venue**

3.   Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

4.   The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city law pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Eastern District of the State of New York.

**Procedural Prerequisites**

6.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7.   The EEOC referred the matter to the United States Department of Justice ("DOJ").

8.   Plaintiff received a Notice of Right to Sue ("Notice") from the DOJ, dated February 27, 2026, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as **Exhibit A**.

9.   This Action is being commenced within ninety (90) days of receipt of said Notice.

10.  Contemporaneously with the filing of this Complaint, Plaintiff provided notice to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel"), pursuant to §8-502(c) of the New York City Administrative Code, by uploading a copy of the Complaint to www.nyc.gov/site/cchr/about/civil-action-by-persons-aggrieved-by-unlawful-discriminatory-practices.page.

**Parties**

11.  At all times material, Plaintiff was a female resident of Kings County, New York.

12. At all times material, Defendant NEW YORK CITY HOUSING AUTHORITY ("NYCHA") is and was a governmental agency of the City of New York with headquarters located at 90 Church Street, New York, New York 10007.

13. At all times material, Defendant NYCHA is and was an agency that provides affordable housing to low- and moderate-income residents of the City of New York.

14. At all times material, Defendant NYCHA had 15 or more employees.

15. At all times material, Defendant NYCHA was Plaintiff's employer under Title VII.

16. At all times material, Defendant NYCHA was Plaintiff's employer under the NYSHRL.

17. At all times material, Defendant NYCHA was Plaintiff's employer under the NYCHRL.

18. At all times material, Defendant JULIUS COLES ("COLES") was a Pest Management Supervisor of Defendant NYCHA.

19. At all times material, Defendant COLES had the authority to hire, terminate, and affect the terms and conditions of Plaintiff's employment or to otherwise influence the decision making regarding same.

20. At all times material, Defendant COLES was Plaintiff's employer under the NYSHRL.

21. At all times material, Defendant COLES was Plaintiff's employer under the NYCHRL.

22. At times herein, Defendant NYCHA and Defendant COLES are collectively referred to as "Defendants."

### Material Facts

23. In or around May 2023, Plaintiff began working for Defendant NYCHA as a City Pest Control Aide.

24. Plaintiff earned an annual salary of approximately $36,000.

3

25. During her employment, Plaintiff was assigned to visit various developments of Defendant NYCHA throughout Brooklyn, New York to perform extermination services.

26. On or around April 24, 2024, Plaintiff was advised of her qualification for a promotion from City Pest Control Aide to Exterminator. Plaintiff would need to become certified.

27. On or around May 14, 2024, Defendant COLES substituted for Plaintiff's typical Pest Management Supervisors, Davon Straker ("Straker") and Peter Cherry ("Cherry"), and met Plaintiff for the first time.

28. Following May 14, 2024, Defendant COLES continued to hold supervisory authority over Plaintiff.

29. On or around May 14, 2024, Defendant COLES obtained Plaintiff's cell phone number under the guise of contacting her regarding work-related matters.

30. Almost immediately, Defendant COLES began to sexually harass Plaintiff and send her unsolicited photos of his penis.

31. Defendant COLES also began to relentlessly call Plaintiff to inquire about her whereabouts and to proposition sex.

32. On or around May 17, 2024, Defendant COLES texted Plaintiff two photos and a video of his penis.

33. Plaintiff was disgusted and did not respond to Defendant COLES' sexually harassing messages.

34. In or around June 2024, Plaintiff complained of the sexual harassment she endured from Defendant COLES to her supervisor, Straker, and filled out a formal report.

35. Straker advised Plaintiff, in sum and substance, that Defendant NYCHA would contact Plaintiff once a case was opened with Human Resources.

4

36. Plaintiff was not contacted by Straker or any representative of Defendant NYCHA regarding the status of her complaint.

37. Upon information and belief, Defendant NYCHA did not perform an investigation into Plaintiff's complaint and did not discipline Defendant COLES for his discriminatory conduct.

38. Defendant NYCHA was aware of Defendant COLES' sexual harassment of Plaintiff and allowed the sexual harassment to continue.

39. Plaintiff was devastated by her employer's indifference and inaction following her complaint of sexual harassment.

40. Plaintiff was extremely uncomfortable that she was made to continue working with her harasser.

41. Defendant COLES continued to sexually harass Plaintiff, as if no complaint had been made whatsoever.

42. On or around the morning of June 3, 2024, Plaintiff was involved in an incident in which she was verbally assaulted and threatened by a coworker.

43. Plaintiff was unable to leave her site until a supervisor arrived in the afternoon to make a report. Following the completion of the report, Plaintiff completed her assignments and required the use of overtime hours to do so.

44. Plaintiff then suffered a write-up for remaining at the incorrect site and for using overtime hours.

45. Plaintiff disputes the legitimacy of the June 3, 2024, write-up due to the extenuating circumstances outside of Plaintiff's control which prevented Plaintiff from travelling to her scheduled sites and which required the use of overtime to complete her assigned tasks.

46.    Prior to June 3, 2024, Plaintiff never received any negative performance reviews, negative feedback, or disciplinary actions.

47.    On or around June 27, 2024, Defendant COLES texted Plaintiff two photos of his penis accompanied with the message, **"That young pussy about to get served."**

48.    At the time of receiving this message, Plaintiff was 20 years old.

49.    Upon information and belief, Defendant COLES is approximately 40 years older than Plaintiff and preyed upon her due to her young age.

50.    Plaintiff, again, ignored Defendant COLES' sexually harassing messages.

51.    Plaintiff felt deterred from complaining about Defendant COLES' behavior since no action was taken in response to her first complaint.

52.    However, Plaintiff also feared that ignoring Defendant COLES could bring about retribution from him, since he was her supervisor.

53.    On or around July 8, 2024, Plaintiff received a write-up that was signed by Defendant COLES which stated that Plaintiff had not completed an assignment on July 5, 2024.

54.    Plaintiff had, in fact, completed her July 5, 2024, assignment.

55.    Plaintiff refused to sign the write-up.

56.    Plaintiff was distraught to be written up under false pretenses by the very same supervisor who had been sexually harassing her and against whom she made a complaint of sexual harassment.

57.    Between July 2024, and October 2024, Plaintiff contacted her union representative several times to remedy her false write-up but never received a sufficient response.

58.    On or around July 31, 2024, Defendant COLES texted Plaintiff, **"Yo I want to eat some pussy you home."**

6

59. Plaintiff responded, in sum and substance, that she was not home.

60. On or around September 9, 2024, Cherry spoke on the phone with Plaintiff and mentioned that Plaintiff had been placed on probation.

61. Plaintiff was confused, having heard no mention of probation prior to this conversation, and asked Cherry why she was placed on probation.

62. Cherry stated he did not know and told Plaintiff, in sum and substance, "It's easier to fire you when you're on probation, so keep your head up and make sure you're doing everything you're supposed to."

63. Shortly thereafter, Plaintiff contacted Straker to inquire about the details of her probation.

64. Straker denied any knowledge of Plaintiff's placement on probation.

65. Plaintiff did not receive any further information from Defendant NYCHA regarding her probation.

66. On or around October 10, 2024, Defendant COLES texted Plaintiff, **"I want eat that pussy tonight for real."**

67. Defendant COLES' campaign of harassment against Plaintiff persisted.

68. In addition to Defendant COLES' sexual harassment of Plaintiff over text message, Defendant COLES would regularly call Plaintiff and ask Plaintiff, **"I'm near you, can I eat it in the car?"** frequently making lewd references to oral sex.

69. Plaintiff attempted to deflect Defendant COLES' advances by ignoring his calls or stating that she was working and could not speak.

70. Defendant COLES would also confront Plaintiff in person following department meetings to proposition that he give Plaintiff a ride in the company vehicle and would state, **"Let me eat it in the car. We can take a detour."**

7

71.    Plaintiff was made to feel extremely uncomfortable by Defendant COLES and would always reject his advances.

72.    On or around October 28, 2024, Straker handed Plaintiff a letter which stated that "[Plaintiff's] employment with [Defendant NYCHA] is terminated effective Monday, October 28, 2024, close of business."

73.    Plaintiff asked Straker and Cherry the reason for her termination.

74.    Both Straker and Cherry stated that they did not know.

75.    On or around October 29, 2024, Plaintiff contacted the Human Resources department of Defendant NYCHA to inquire as to the reason for her termination.

76.    The Human Resources representative instructed Plaintiff to contact her union representative.

77.    On or around October 29, 2024, Plaintiff contacted her union representative, who stated he was "on it" but ultimately did not inform Plaintiff of the reason of her termination.

78.    Defendant COLES continued to harass Plaintiff following her termination from Defendant NYCHA.

79.    On or around November 10, 2024, Defendant COLES texted Plaintiff, "Hit my line."

80.    Plaintiff did not respond.

81.    On or around May 29, 2025, Defendant COLES texted Plaintiff "I'm in your hood," and texted Plaintiff another photo of his penis.

82.    Plaintiff did not respond.

83.    Plaintiff never acquiesced to any of Defendant COLES' sexual advances and always either completely ignored him or deflected him.

84. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform her job.

85. Due to the close temporal proximity between Plaintiff's complaint of Defendant COLES' sexual harassment and her July 8, 2024, write-ups, it is clear Plaintiff was retaliated against for complaining of Defendant COLES' sexual advances.

86. In particular, the unsubstantiated write-up Plaintiff suffered on July 8, 2024, constitutes an adverse employment action.

87. Had Plaintiff succumbed to Defendant COLES' sexual advances, she would not have suffered an erroneous write-up or been placed on probation.

88. Due to the close temporal proximity between Plaintiff's complaint of Defendant COLES' sexual harassment and her termination, it is clear Plaintiff was terminated in retaliation for complaining of and declining Defendant COLES' sexual advances.

89. Further, Defendant NYCHA never advanced Plaintiff through the certification process to become an exterminator.

90. Defendants treated Plaintiff this way solely due to her sex/gender (female).

91. Defendants acted intentionally and intended to harm Plaintiff.

92. No reasonable person in Plaintiff's shoes could be expected to endure the sexual harassment to which she was subjected.

93. The sexual harassment Plaintiff suffered was so severe that it constituted a materially adverse change to the terms and conditions of her employment.

94. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers emotional distress and loss of income.

95. As a result of the acts and conduct complained of herein, Plaintiff has suffered economic damages, as well as emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

96. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

97. As such, Plaintiff demands punitive damages as against Defendants.

**First Cause of Action for Discrimination**
**Under Title VII**
**(Against Defendant NYCHA)**

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

99. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin; or
>
> (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, **sex**, or national origin.

100. Defendant NYCHA violated the section cited herein as set forth.

101. Plaintiff is entitled to the maximum amount allowed under this statute.

**Second Cause of Action for Retaliation**
**Under Title VII**
**(Against Defendant NYCHA)**

102. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

10

the complaint.

103.    42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

104.    Defendant NYCHA violated the section cited herein as set forth.

105.    Plaintiff is entitled to the maximum amount allowed under this statute.

**Third Cause of Action for Discrimination**
**Under the New York State Executive Law**
**(Against All Defendants)**

106.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

107.    New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

108.    Defendants violated the section cited herein as set forth.

109.    Plaintiff is entitled to the maximum amount allowed under this statute.

**Fourth Cause of Action for Retaliation**
**Under the New York State Executive Law**
**(Against All Defendants)**

110.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article because he or she has filed a complaint, testified or assisted in any proceeding under this article.

112. Defendants violated the section cited herein as set forth.

113. Plaintiff is entitled to the maximum amount allowed under this statute.

**Fifth Cause of Action for Aiding and Abetting**
**Under the New York State Executive Law**
**(Against Defendant COLES)**

114. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115. New York State Executive Law § 296(6) provides in pertinent part, that it shall be an unlawful discriminatory practice "…for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

116. Defendant COLES violated the section cited herein as set forth.

117. Plaintiff is entitled to the maximum amount allowed under this statute.

**Sixth Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Against All Defendants)**

118. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

119. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership, status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment

such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

120. Defendants violated the section cited herein as set forth.

121. Plaintiff is entitled to the maximum amount allowed under this statute.

**Seventh Cause of Action for Retaliation
Under the New York City Administrative Code
(Against All Defendants)**

122. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

123. New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

124. Defendants violated the section cited herein as set forth.

125. Plaintiff is entitled to the maximum amount allowed under this statute.

**Eighth Cause of Action for Vicarious Liability
Under the New York City Administrative Code
(Against Defendant NYCHA)**

126. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

127. New York City Administrative Code § 8-107(13) provides for employer liability for discriminatory conduct by an employee, agent or independent contractor. This sub-section states:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1)

the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

128. Defendant NYCHA violated the section cited herein as set forth.

129. Plaintiff is entitled to the maximum amount allowed under this statute.

**Ninth Cause of Action for Aiding and Abetting**
**Under the New York City Administrative Code**
**(Against Defendant COLES)**

130. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

131. New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice "…for any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

132. Defendant COLES violated the section cited herein as set forth.

133. Plaintiff is entitled to the maximum amount allowed under this statute.

**Jury Demand**

134. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

14

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-502(a), *et seq.* by way of discriminating against Plaintiff on the basis of her gender (female) by subjecting her to sexual harassment and a hostile work environment, and retaliating against Plaintiff for objecting to said harassment, resulting in her unlawful termination;

B.   Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.   Awarding Plaintiff punitive damages;

E.   Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable,

just and proper to remedy Defendants' unlawful employment practices.

Dated: March 24, 2026
           New York, New York

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By:     _____

Steven Fingerhut
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
(212) 248-7431
sfingerhut@tpglaws.com
